IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN S. GLINSKY, | : | CIVIL ACTION NO. **3:CV-08-1798** |
| Plaintiff | : | Magistrate Judge Blewitt |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

**MEMORANDUM AND ORDER**

**I. Background.**

Plaintiff, Karen S. Glinsky, filed this action, *pro se,* pursuant to 26 U.S.C. § 7422, on September 29, 2008. (Doc. 1). Plaintiff's *in forma pauperis* motion was granted by the Court. (Docs. 2 and 7). The parties have consented to the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 14).

Plaintiff basically claims that she filed her 2001 federal income tax return and that she was entitled to a refund of $434.73. Plaintiff avers that despite the fact that she was due a refund, Defendant United States refused to pay the refund.

On February 1, 2010, Defendant United States of America filed a Motion for Summary Judgment. **(Doc. 36).** A support Brief and Statement of Material Facts ("SMF") were filed by Defendant on the same date. (Docs. 37 and 38). Defendant United States essentially argues that Plaintiff did not file her 2001 federal income tax return until June 26, 2006, and that she is now time barred from claiming her refund.

Plaintiff's failure to timely file her opposition brief resulted in the issuance of an Order on February 23, 2010, affording Plaintiff, *sua sponte*, additional time, until March 8, 2010, to file her opposition brief. (Doc. 39). The Doc. 39 Order also advised Plaintiff that her failure to timely file an opposition brief would result in Defendant's Motion for Summary Judgment being deemed unopposed pursuant to Local Rule 7.6, M.D. Pa., and that it would result in the Motion for Summary Judgment being granted. Plaintiff has neither filed her opposition brief nor requested an extension of time within which to do so.

**II. Discussion.**

As stated, to date, Plaintiff has neither filed a brief in opposition to Defendant's Motion for Summary Judgment nor requested a further extension of time within which to do so. The Court has given Plaintiff additional time of over two weeks from the March 8, 2010 extended deadline to file her opposition brief. Defendant's Motion for Summary Judgment is therefore deemed unopposed pursuant to Rule 7.6, M.D. Pa.

In *Pruden v. Norris*, 2007 WL 3094239, *1 (M.D. Pa.), the Court stated:

> Although the deadline for filing an opposing brief has passed, Plaintiff has neither filed a brief in opposition to Defendants' motion, nor has he requested an extension of time in which to do so. In *Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir.1991), the United States Court of Appeals for the Third Circuit held that a motion to dismiss should not be granted simply because it is unopposed. However, the Third Circuit Court of Appeals did not preclude dismissal based upon an unopposed motion, after adequate warning. "We do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis ... Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked." *Id.* Plaintiff was advised of the requirements of Local Rule 7.6 by both the standing

> practice order (Doc. 5) issued in this case on November 30, 2006, and the June 21, 2007 Order. He was specifically notified that failure to comply with Local Rule 7.6 by filing a brief in opposition would result in dismissal. Consequently, the Court will grant the Defendants' unopposed motion to dismiss without a merits analysis. *See* M.D. Pa. Local Rule 7.6; Fed.R.Civ.P. 41(b); *Stackhouse,* 951 F.2d at 30 (3d Cir.1991).

In the present case, much the same as in *Pruden*, Plaintiff Glinsky was forewarned that if she did not file her opposition brief, the Court would deem Defendant's Motion for Summary Judgment unopposed. Plaintiff was also given a copy of the pertinent Local Rules of this Court. (Doc. 3). She was well aware of the requirements of Local Rule 7.6.

Since Plaintiff Glinsky was specifically directed to file her opposition brief and she was specifically advised that her failure to do so would result in Defendant's Motion for Summary Judgment being deemed unopposed, under Local Rule 7.6, Plaintiff will be deemed as not opposing Defendant's Summary Judgment Motion. *See Bethea v. Confer*, 2008 WL 3978315 (M.D. Pa.). Regardless, the Court will not grant Defendant's unopposed Motion for Summary Judgment without considering the *Poulis* factors. *See Shuey v. Schwab*, 2009 WL 3601202, *2 (3d Cir.)("Poulis* has been cited too often and it too deeply ingrained in the jurisprudence of this court to assume that a party's failure to respond to a motion to dismiss can be regarded as an abandonment of the claim.").

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated:

> the factors set forth in *Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the action is appropriate in this case. The *Poulis* factors the Court should consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness;

3

> (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868.
>
> We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis,* and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. Her inaction points to no other logical conclusion.

*Id*.

Thus, based on *Shuey v. Schwab*, 2009 WL 3601202, the Court also analyzes the *Poulis* factors. The Court finds Plaintiff's stated conduct in delaying her September 2008 case for over one (1) month (*i.e.* from the date Plaintiff's opposition brief was first due) to be attributable to her personally. Plaintiff was initially required to file her opposition brief to Defendant's February 1, 2010 Summary Judgment Motion on or about February 16, 2010, and she was also required to have filed her response to Defendant's SMF by this date. As mentioned, the Court *sua sponte* afforded Plaintiff additional time within which to file her brief and response, and then it gave Plaintiff more time to comply with the February 23, 2010 Order. As mentioned, Plaintiff has filed nothing in response to the stated Order, and she has not notified the Court that she intends to pursue her action.

The Court finds that Plaintiff has caused prejudice to Defendant since it has been named in a federal lawsuit and no final disposition of this September 2008 action has yet occurred. Plaintiff also now has a history of dilatoriness in this case. Also, her present conduct in failing to prosecute her case is further evidence of dilatoriness, especially since this case cannot proceed without her compliance with the February 23, 2010 Order.

Based on the discussion above, the Court finds that the conduct of Plaintiff is wilful, especially since she has filed nothing with the Court in more than a month, since she has failed to respond to the February 23, 2010 Order, and since she has not contacted the Court to explain why she has failed to comply with the Order.

Plaintiff has been forewarned that her failure to comply with the Court's Order will result in her being deemed as not opposing Defendant 's Summary Judgment Motion. As stated, this case cannot proceed without Plaintiff's compliance with the February 23, 2010 Order. Since Plaintiff has not paid the filing fee, the Court finds that other sanctions would not be effective in this case.

Thus, the Court finds that based on the *Poulis* factors Plaintiff's failure to comply with the Court's February 23, 2010 Order demonstrates she has abandoned her case.

Moreover, Defendant's undisputed evidence, Form 4340 Certificate of Assessments and Payments, shows that the IRS did not receive Plaintiff's 2001 tax return until June 26, 2006. (Doc. 36-4, p. 2). As Defendant states, Plaintiff has failed to meet her burden by submitting any evidence to show that she timely filed her 2001 tax return on April 15, 2002. Plaintiff's tax return for the 2001 tax year claimed a refund and was thus subject to the limitations period specified in 26 U.S.C. § 6511(b).

In *Walter v. U.S.*, 2009 WL 5062391, *6 (W. D. Pa.), the Court stated:

> ***Statute of Limitations for Tax Refunds***
>
> Internal Revenue Code section 6511 provides that:
>
> (a) Period of limitation on filing claim.-Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the

time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

Limitation on allowance of credits and refunds.-

(1) Filing of claim within prescribed period.-No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

(2) Limit on amount of credit or refund.-

(A) Limit where claim filed within 3-year period.-If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

(B) Limit where claim not filed within 3-year period.-If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

(C) Limit if no claim filed.-If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.

26 U.S.C. § 6511(a-b). "Read together, the import of these sections is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' §§ 1346(a)(1), 7422(a), may not be maintained in any court." *Dalm,* 494 U.S. at 602 (citation omitted).

A tax return that claims a refund is considered a "claim" for purposes of § 6511. 26 C.F.R. § 301-6402-3(a) (1, 5), (c).

Therefore, based on the undisputed evidence, Plaintiff's refund suit for the 2001 tax year is barred by the statute of limitations, and the Court lacks subject matter jurisdiction over her claim. *See* 26 U.S.C. §6511(b)(2)(A).

**III. Conclusion.**

Based on the foregoing, Defendant's unopposed Motion for Summary Judgment **(Doc. 36)** shall be granted. An appropriate Order and Judgment follows.

<u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 29, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN S. GLINSKY, | : | CIVIL ACTION NO. **3:CV-08-1798** |
| Plaintiff | : | Magistrate Judge Blewitt |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

**ORDER AND JUDGMENT**

**AND NOW,** this **29th** day of **March, 2010**, **IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion for Summary Judgment **(Doc. 36)** is **GRANTED;** and

2. The Clerk of Court is directed to enter Judgment in favor of Defendant United States of America and against Plaintiff Karen S. Glinsky, and to mark this case closed.

             **s/ Thomas M. Blewitt**
             **THOMAS M. BLEWITT**
             **United States Magistrate Judge**

**Dated: March 29, 2010**